# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 11-cr-00028 |
| | ) | |
| GILBERT FISCHER | ) | |

## MEMORANDUM OPINION AND ORDER

August 8, 2012

      Presently before the Court is the MOTION TO WITHDRAW GUILTY PLEA filed by defendant Gilbert Fischer (Document No 48) and the RESPONSE in opposition filed by the government (Document No. 49). The matter has been fully briefed by the parties and is ripe for disposition. After considering and balancing the three factors for withdrawal of a guilty plea set forth in *United States v. Jones*, 336 F.3d 245 (3d Cir. 2003), the Court finds that Defendant has failed to establish any of the required criteria under *Jones*. Therefore, the motion will be denied.

### EVIDENTIARY HEARING NOT NECESSARY

      Based upon a careful and detailed review of the record to date and the relevant law, the Court has determined that an evidentiary hearing is not required. *See United States v. Jasper,* 481 F.2d 976 (3d Cir. 1973) (holding that an evidentiary hearing is not required when the record in the proceedings leading to the guilty plea shows compliance with Federal Rule of Criminal Procedure 11 or the record establishes that the plea was voluntarily, knowingly, and intelligently made.) The Court finds and rules that the transcript of the proceeding in which the guilty plea was entered establishes beyond question that Defendant understood the nature of the

charges against him and the consequences of the plea and that there existed a factual basis to support such a plea.

## BACKGROUND

On February 1, 2011, the government filed an Information against Defendant in which he was charged with one-count of wire fraud in violation of 18 U.S.C. § 1343, which occurred on or around November 10, 2006. The criminal behavior underlying the criminal charge stemmed from a mortgage brokerage business Defendant, together with Jason Dull,[1] owned known as Lender's Corner. Defendant was charged with submitting and causing the submission of a loan application that falsely represented the employment status of the borrower, and a false document that also falsely represented the employment status of the borrower.

On February 9, 2011, Defendant appeared before the Court, with counsel, waived his right to an Indictment and pleaded guilty to the single count Information. The Court conducted a thorough colloquy with Defendant in open court, found that he was competent, acting knowingly and voluntarily, and accepted his guilty plea. Sentencing was scheduled on June 10, 2011.

On April 15, 2011, the Probation Office prepared a Draft Presentence Investigation Report ("PSI") report which was provided to counsel. The Court does not know the content of that draft PSI. A draft PSI was also provided to counsel in the companion case involving Defendant Dull. Each counsel disputed factors material to sentencing in each report and each pursued administrative resolution of those matters through informal presentence conferences

---

[1] Jason Dull was named as a defendant in a separate Information, which charged him with one count of wire fraud in violation of 18 U.S.C. § 1343, which occurred on or around April 27, 2007. See Case No. 11-cr-00027.

with counsel for the government and the United States Probation Office.  The disputes with the PSIs were first brought to the attention of the Court on June 8, 2011, when Defendant Dull filed a motion for a status conference to address issues relating to sentencing.  Defendant Fischer moved to join the proposed status conference, explaining that both Defendants "are in the same position as it relates to the requested relief."  Defendant Fischer's motion was granted.  The joint status conference was conducted on June 15, 2011, following which an evidentiary hearing was scheduled on September 14, 2011.

The evidentiary hearing regarding the sentencing factors spanned two days on September 14 and October 13, 2011.  A number of witnesses testified over the course of those two days.   On November 28, 2011, Defendant Fischer and the government each  filed a brief with respect to sentencing factors. (Document Nos. 36 and 37.)

On March 21, 2012, the Court issued Tentative Findings and Rulings.  Those Tentative Findings, with the exception of the Abuse of Position of Trust and Obstruction of Justice enhancements, agreed with the position of the government.

A final PSI was prepared by the Probation Office on April 10, 2012, which reflected that Defendant had a total offense level of 22 and a criminal history category of I.  Accordingly, under the advisory United States Sentencing Guidelines, his guideline range for imprisonment is 41 to 51 months.

On April 20, 2012, Attorney Stanton D. Levenson entered his appearance for Defendant.  Three days later, on April 23, 2012, Attorney Steven C. Townsend filed a Motion to Withdraw as Attorney in which he stated that Defendant had retained other private counsel,

specifically Stanton D. Levenson.  The Motion was granted on April 23, 2012, and the appearance of Steven C. Townsend as counsel for Defendant was withdrawn and terminated.

On May 29, 2012, a Text Notice of Hearing was filed which scheduled a Sentencing Hearing for Defendant on June 11, 2012.  At 7:58 PM on the evening of May 29, 2012, Defendant filed the instant motion to withdraw guilty plea in which he argues that "the Court failed to scrupulously comply with Rule 11 thereby invalidating the guilty plea."  Mot. at ¶ 12.  Specifically,  Defendant contends that he mistakenly believed he could be held criminally liable for the conduct of his employees, that the Court's waiver and plea colloquy was inadequate, that there was not a factual basis for the plea, and that his plea was not knowing and voluntary.

The government responded that under *United States v. Jones*, 36 F.3d 245 (3d Cir. 2003), the motion should be denied as Defendant "has not made a credible assertion of actual innocence, his claimed reasons for seeking to withdraw his plea are incredible, and allowing the defendant to withdraw his plea of guilty would prejudice the government."  Resp. at 13-14.

**The Plea Hearing**

On February 9, 2012, Defendant appeared in Court with Attorney Townsend and waived his right to an indictment and entered his plea of guilty to Count I of the Information.

At the hearing, the Court placed Defendant under oath and conducted an extensive colloquy with him in open session and in very clear, plain language.  The Assistant U.S. Attorney explained that there was no plea agreement as there were issues involving the calculation of the loss amount which the Court would ultimately be called upon to decide.

The Court found Defendant Fischer to be competent to enter a plea of guilty without objection from Defendant or his counsel. The Court further explained Defendant's constitutional and other rights, including: Defendant's right to a trial by jury; his privilege against self-incrimination; his right to participate in jury selection; the applicable burden of proof beyond a reasonable doubt which the government would be required to meet at trial; and his right to confront, question, and cross-examine witnesses at trial. (Tr. at 9-13.) Throughout the colloquy, Defendant indicated that he understood the effect of a guilty plea and stated to the Court that he still desired to plead guilty. (*Id.* at 13.)

Significantly, during the Sentencing Hearing, the elements of the offense to which Defendant was pleading guilty were specifically explained to him by the Assistant United States Attorney:

> MR. CONWAY: There are three elements: One, that there was a scheme or artifice to defraud or obtain monies or properties by materially false and fraudulent presentences (sic), representations or promises as alleged in the information; two, the Defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and three, that in the execution of the scheme the Defendant used or caused to be used interstate wires.
>
> THE COURT: Mr. Fischer, do you understand that before you could be found guilty of the offense to which you are entering a plea of guilty, the Government would have to prove all of the elements of the crime just described beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

Transcript at 20-21 (Document No. 50).

The Assistant United States Attorney then proceeded to place on the record a lengthy factual recitation of the government's evidence, *to wit:*

>MR. CONWAY: Your Honor, if the Defendant would choose to go to trial in this case, we would present evidence that he was a mortgage broker associated with a company called Lender's Corner. And in connection with various loan applications, including the one referenced in the indictment (sic), there was false representations made to the lender about the employment status and other relevant information related to the ability of the borrower to repay and otherwise qualify for the loan.
>
>We would further present evidence that in relation to the particular loan application that's the subject of the charge, that on or about November 10th, 2006, there was a wire transfer that basically funded a fraudulent loan application that is referenced in the information through interstate wire transfer from the lending institution to the closing agent located here in Western District of Pennsylvania, thus crossing state lines.
>
>So in summary, Your Honor, that would be the evidence that we would intend to present.

Transcript at 21-22.

After the Assistant U.S. Attorney summarized Defendant's involvement in the offense, the Court asked Defendant whether he agreed with the government's summary of what he did. Specifically, the Court asked:

>THE COURT: Do you agree with the prosecution's summary of what you did?
>
>THE DEFENDANT: Most of it, Your Honor, yes.
>
>THE COURT: **Are there any additions or corrections that you would like to make on the record?**
>
>THE DEFENDANT: **Not at this time, no.**
>
>THE COURT: The Court finds that there is a factual basis to accept the Defendant's plea of guilty if the same is now entered. Mr. Fischer, do you wish to plead guilty?
>
>THE DEFENDANT: Yes.

>THE COURT: Mr. Townsend, is this consistent with your advice?
>
>MR. TOWNSEND: It is, Your Honor.

Transcript at 22 - 23 (emphasis added).

The Court concluded the proceeding by making express findings that Defendant was competent, that he knew and understood his right to a jury trial and the consequences of waiving that right and that he knew what the maximum penalties are for the crime with which he was charged. (Tr. at 25.) The Court entered a judgment of guilt on the record and sentencing was scheduled on June 10, 2011.

**Discussion**

As described above, on May 29, 2012, Defendant, through his second retained counsel, filed the instant Motion to Withdraw Guilty Plea. Significantly, it is important to note that the Motion to Withdraw Guilty Plea was filed after a significant amount of time had elapsed. Specifically, the Motion was filed 475 days after Defendant entered his plea of guilty on February 9, 2011; 410 days after the draft PSI was prepared on April 15, 2011; 59 days after the Court filed its Tentative Findings and Rulings on March 21, 2012; and 29 days after the final PSI had been prepared by the Probation Office on April 10, 2012.

In the Motion, Defendant seeks permission to "withdraw his guilty plea and proceed to trial." Mot. at ¶ 12. Not surprisingly, the government adamantly opposes Defendant's motion.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure requires a criminal defendant to show a "fair and just reason" in order to withdraw a guilty plea previously

accepted by the court.  In determining whether a "fair and just reason" has been established, the Court must examine each of the following three factors:  (1) whether defendant asserts his innocence; (2) the strength of defendant's reasons to withdraw the plea; and (3) whether the government would be prejudiced by the withdrawal.  *Jones*, 336 F.3d at 252.  *See also Mendoza v. United States*, --- F.3d ---, 2012 WL 3117259 (3d Cir., June 28, 2012).  These factors are not mandatory elements that a defendant must establish in order to withdraw a guilty plea; rather, the district court must analyze the factors *in toto* to reach its conclusion as to whether the defendant has set forth a "fair and just" reason to withdraw the guilty plea.  *United States v. Wilder,* 134 Fed. Appx. 527 (3d Cir. 2005); *see also United States v. Wilder*, 2006 WL 3024702 (3d Cir. Oct. 25, 2006).

      The defendant bears the substantial burden of demonstrating that a "fair and just reason" exists for withdrawing the plea, *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1990), and that burden is "substantial."  *Jones,* 336 F.3d at 252.  This heavy burden reflects the notion that "[o]nce accepted, a guilty plea may not automatically be withdrawn at the defendant's whim."  *Brown,* 250 F.3d at 815.  *See also United States v. Hyde*, 520 U.S. 620 (1977) ("After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, [a defendant cannot] withdraw a guilty plea simply on a lark.")  "A shift in defense tactics, a change of mind, <u>or the fear of punishment</u> are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already

acknowledged his guilt by pleading guilty." *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992) (emphasis added).

Furthermore, because Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires the court to be satisfied that there is a factual basis for the plea, in order to demonstrate a "fair and just reason" to withdraw the plea the "defendant must . . . not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *United States v. Jones*, 979 F.2d at 318 (emphasis added).

A. <u>Assertion of Innocence</u>

Under the test outlined in *Jones,* the first issue the Court must address is whether Defendant properly asserted his innocence as part of his request to withdraw his plea. Like the defendant in *Mendoza*, Defendant in this case has not asserted his innocence; rather he has claimed that he "had a defense he was unaware of" and would like to proceed to trial.

An assertion of innocence by the defendant weighs heavily in favor of granting a plea withdrawal motion if the assertion is credible. *Government of Virgin Islands v. Berry,* 631 F.2d 214, 220 (3d Cir. 1980). "Bald assertions of innocence, however, are insufficient to permit a defendant to withdraw her guilty plea . . . [they] must be buttressed by facts in the record that support a claimed defense." *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001).

Again, it does not appear that Defendant is asserting his innocence, but rather he appears to be asserting that employees of Lender's Corner, unbeknowst to him, submitted false information to lending institutions. Defendant summarily argues that "it would appear that [he]

9

had a defense he was unaware of," but does not present any argument in support of this motion nor has he submitted an affidavit in which he asserts his innocence. Absent such an unequivocal assertion, the first prong of the test is not met.

However, even if Defendant had asserted his innocence, the Court would find such an assertion lacking in credibility. Defendant has not proffered any factual contention or specific legal defense in support of his assertion. *See United States v. Barber*, 514 F.3d 208, 220 (C.A.D.C.), *cert. denied*, 421 U.S. 1031 (1975) (movant had not effectively denied his culpability and withdrawal motion need not be granted if movant has not made out legally cognizable defense.) Further, in light of Defendant's admissions during his guilty plea colloquy hearing, and from the plethora of witnesses and evidence available to support the government's position of which the Court is aware from the extensive sentencing hearing, the Court finds and rules that Defendant's assertion of innocence would be unconvincing. The Court concludes that Defendant has failed to adequately assert his innocence under *Jones:* bare assertions of innocence do not entitle Defendant to the privilege of withdrawing his guilty plea.

B.      <u>The Strength of Defendant's Reason(s) to Withdraw the Plea</u>

In his Motion, Defendant asserts that "the Court failed to scrupulously comply with Rule 11 thereby invalidating the guilty plea." Mot. at ¶ 12. Defendant argues that when the Court asked whether the Defendant agreed with the government's summary of what he did, he responded, "Most of it, Your Honor, yes." According to Defendant, at that point the Court should have determined with which part or parts of the government's evidence the Defendant did not agree because, according to Defendant,

10

> Had the Court inquired further, the Defendant would have testified it was his understanding that **merely** because he was an owner of the company, he was legally responsible for the criminal conduct of his employees even though he was unaware of their criminal conduct, did not authorize it and did not instruct anyone to engage in it. Thus, it would appear that the Defendant had a defense he was unaware of.

Mot. at ¶ 10 (emphasis in original).

Conveniently, Defendant has failed to recognize that the Court <u>did</u> in fact inquire further. Specifically, the Court asked, "Are there any additions or corrections that you would like to make on the record," to which Defendant replied, "**Not at this time, no.**" Tr. at 22 (emphasis added). At no time did Defendant or his counsel request to further address this issue.

Furthermore, the government went over the three elements of the offense to which Defendant was pleading guilty, and when asked by the Court if he understood "before you could be found guilty of the offense to which you are entering a plea of guilty, the government would have to prove all of the elements of the crime just described beyond a reasonable doubt," Defendant responded unequivocally, "**Yes.**" Tr. at 20-21 (emphasis added). The second element of the offense specifically requires that Defendant himself, not his employees, act with the intent to defraud.

Moreover, the elements as described by the government during the plea hearing are the exact same elements as listed in the Information Memorandum filed on February 1, 2011, which the Court presumes Defendant reviewed with his counsel prior to the plea hearing.

The Court finds and rules that Defendant has not satisfied his burden of demonstrating the existence of any fair and just reason why the Court should permit him to withdraw his guilty plea.

C.      Prejudice to Government

If the defendant were to succeed in showing a fair and just reason for withdrawing his guilty plea, the burden would shift to the government to show that it would be prejudiced by the withdrawal. However, the Court of Appeals for the Third Circuit has made clear that "the government is not required to show prejudice when a defendant has shown no sufficient grounds for permitting withdrawal of the plea." *See United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986). Because the Court has found that Defendant has not presented sufficient grounds to permit him to withdraw his guilty plea, the Court is not required to consider the question of resultant prejudice to the government. Nevertheless, in the interest of being thorough, the Court will address the final prong of the *Jones* test.

Increased cost and inconvenience to the government are grounds for finding prejudice, as are the diminished memory and incentive to cooperate of Government witnesses. The mere "adverse impact on the administration of justice," however, is not adequate. *Government of the Virgin Islands v. Knight,* 764 F. Supp. 1042, 1050 (D.V.I. 1991). The government notes that based on Defendant's willingness to waive Indictment and plead guilty to the Information, it did not ask that the grand jury indict Defendant. Had the government presented an Indictment, the potential charges against Defendant would have included a time period between March 2005 and April 2008, unlike the time period charged in the Information which covers only "on or about November 10, 2006." Importantly, the five-year statute of limitations will preclude many if not all of the potential charges against Defendant.

Furthermore, if this case went to trial, the events in question would likely be close to eight (8) years old. The government asserts prejudice by speculating, without substantiation,

12

that the memories of the witnesses will have "faded, witnesses (particularly the borrower victims) would be difficult to locate, and documents will be unavailable." Govt. Br. at 13. Common human experience comports with this speculation.

For the aforementioned reasons, despite the fact that the Court need not address the issue of prejudice in situations where, as here, the defendant has not offered a fair and just reason to permit withdrawing his plea, the Court finds and rules that the government would be severely prejudiced by Defendant's withdrawal of his guilty plea at this stage of the proceedings.

## CONCLUSION

The Court finds and rules that Defendant has failed to present either a credible assertion of innocence or a fair and just reason for this Court to permit him to withdraw his plea of guilty. On the other hand, the government has demonstrated that it would be unfairly prejudiced by such a withdrawal at this time.

Therefore, after considering and balancing the three factors set forth in *Jones*, the Court concludes that Defendant has failed to establish any of the required criteria under *Jones*. Accordingly, Defendant's motion to withdraw his guilty plea will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 11-cr-00028 |
| | ) | |
| GILBERT FISCHER | ) | |

**ORDER OF COURT**

AND NOW, this 8th day of August, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Withdraw Guilty Plea filed by Gilbert Fischer is **DENIED.**

Defendant shall appear in this Court for Sentencing on Wednesday, August 22, 2012 at 1:30 P.M.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Brendan T. Conway,
Assistant United States Attorney
Email: brendan.conway@usdoj.gov

Stanton D. Levenson, Esquire
Email: stan@seriousdefense.com

Angelica D. Banta,
U.S. Probation Officer